[Cite as *Polhamus v. Ohio Dept. of Transp.*, 2011-Ohio-1947.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN S. POLHAMUS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

     Case No. 2010-08691-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, John S. Polhamus, filed this action against defendant, Department of Transportation (ODOT), contending that his 1995 Ford Escort was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a construction area on Interstate 75 in Dayton. In his complaint, plaintiff described his damage incident noting the tie rod ends, wheel, and tire on his car were damaged when the vehicle struck a large pothole "located around the last part of the 'S' curve near the Art Center area" on Interstate 75 South. Plaintiff recalled the described incident occurred on December 10, 2008 at approximately 5:30 a.m. and "[i]t was very dark, rainy that morning." Plaintiff related, "[l]ater that morning there were people calling into the local radio shows that had the same issue (with) this pothole." In his complaint, plaintiff requested damages in the amount of $519.25, the total cost of replacement parts and related automotive repair expenses he incurred resulting from the December 10, 2008 incident. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} According to defendant, the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of

ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant explained the particular construction project "dealt with grading, draining, resurfacing with asphalt concrete and reconstructing numerous structures in Montgomery County on I-75 between county mileposts 13.11 to 14.58 or state milepost 53.88 to 55.50." Defendant advised, "[p]laintiff's incident happened at state milepost 55.32 which is within the project limits." Defendant asserted Kokosing, by contractual agreement, was responsible for any damage occurrences or mishaps within the construction zone. Therefore, ODOT argued Kokosing is the proper party defendant in this action. Defendant implied all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway for construction activity. Furthermore, defendant contended plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or Kokosing or any conduct attributable to ODOT or Kokosing. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Additionally, ODOT personnel maintained an onsite presence performing work inspections.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant has the duty to maintain its highways in a reasonable safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the particular construction site and correct any known deficiencies in connection with particular construction work. *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Kokosing "had notice of the pothole on I-75 prior to plaintiff's incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish his property damage was attributable to conduct on either the part of ODOT or Kokosing.

{¶ 6} Defendant submitted a copy of a written statement from Kokosing representative, Pamela LeBlanc, concerning work performed by Kokosing employees on Interstate 75 on December 10, 2008, which included pothole patching operations. LeBlanc pointed out Kokosing was notified of the particular damage-causing pothole (at milepost 55.32) by ODOT at approximately 7:00 am. on December 8, 2008. According to LeBlanc, two roadway lanes in the vicinity of the pothole location were closed by 8:00 a.m. and by 9:00 a.m. the pothole was patched. LeBlanc denied any Kokosing employee had any knowledge of the pothole prior to 7:00 a.m. on December 10, 2008.

{¶ 7} Plaintiff submitted a document in response to defendant's position noting many vehicles were damaged by the pothole at milepost 55.32 on Interstate 75 prior to 7:00 a.m. on December 10, 2008. Plaintiff did not offer any evidence to establish the length of time the pothole at milepost 55.32 existed prior to the stated time of his damage occurrence (5:30 am. on December 10, 2008).

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Generally, to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence that defendant had actual notice of the pothole condition. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*.

{¶ 12} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d

262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183, No evidence has shown ODOT had constructive notice of the pothole.

{¶ 14} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN S. POLHAMUS

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-08691-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

John S. Polhamus
12 Tonywood Court
West Carrollton, Ohio  45499

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/19
Filed 2/4/11
Sent to S.C. reporter 4/15/11